IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Taemy Oh et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 18-cv-07214 |
| ) | |
| PHH Mortgage Corp. ) | Judge Sharon Johnson Coleman |
| Successor by merger to Ocwen Loan ) | |
| Servicing, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Taemy Oh and Yong K. Oh (the "Ohs") bring this action against PHH Mortgage Corporation ("PHH") for breach of contract (Count I); violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count II); violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* (Count III); and intentional infliction of emotional distress (Count IV). Currently before the Court is defendant's Motion to Dismiss Count II of the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, PHH's Motion to Dismiss [74] is denied.

**BACKGROUND**

The following facts from the Second Amended Complaint are taken as true for the purpose of ruling on this motion. On January 17, 2007, the Ohs executed a mortgage loan with Washington Mutual Bank, F.A. ("WAMU"), which was secured by plaintiffs' home (the "Mortgage Loan"). Per the Mortgage Loan's terms, the Ohs were to maintain property insurance and pay Will County real estate taxes. On October 18, 2012, WAMU assigned the Mortgage Loan to Homeward Residential, Inc. ("Homeward"). Upon assignment, Homeward improperly treated the loan as if it were in

default. Homeward opened an escrow account for the loan even though the Ohs maintained property insurance and were current on their loan payments and real estate tax payments.

In April 2013, PHH[1] acquired the Mortgage Loan. The Ohs allege that PHH immediately treated the Mortgage Loan as in default. PHH declined to accept the Ohs' timely monthly mortgage payments and instead returned them or held the payments in a suspense account until the account had sufficient funds to cover the escrow charges. PHH sent the Ohs mortgage statements alleging that the Mortgage Loan was in default. PHH also assessed late fees and inspection fees against the Ohs, which increased the alleged default amount of the loan.

On November 4, 2015, PHH initiated foreclosure proceedings against the Ohs. During those proceedings, PHH filed a Motion for Order of Judgement with an attached affidavit ("Foreclosure Affidavit") that stated, "[PHH] acquired the servicing rights for the [Mortgage Loan] on 04/17/2013 from Homeward Residential, Inc. At the time of this transfer, the [Mortgage Loan] was $322,501.60 in default for principal." (Second Am. Compl. Ex. B, Dkt. 70-2). On January 12, 2018, PHH voluntarily dismissed the foreclosure case.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court reviews the complaint and all attached exhibits, taking all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A

---

[1] PHH is successor by merger to Ocwen Loan Servicing, LLC, the Mortgage Loan's third servicer and the original defendant in this action. To avoid confusion, the Court will refer to PHH in place of Ocwen Loan Servicing, LLC.

complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## DISCUSSION

PHH moves to dismiss Count II of the Second Amended Complaint for failure to state a claim under the theory that the Ohs have not alleged sufficient facts to show that PHH is a "debt collector." The FDCPA distinguishes between debt collectors and creditors, applying only to the former. Debt assignees classify as "debt collectors if the debt sought to be collected was in default when acquired by the assignee and as creditors if it was not." *Schlosser v. Fairbanks Cap. Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). The Seventh Circuit created an exception to this definition in *Schlosser*, finding that a debt assignee may nevertheless qualify as a debt collector if it mistakenly believed the debt to be in default at the time of acquisition and treated it accordingly. *Id.* at 539.

The Ohs admit that the Mortgage Loan was not in default when PHH acquired it. Instead, they argue the *Schlosser* exception applies as PHH mistakenly treated the loan as in default. To illustrate, the Ohs attached PHH's Foreclosure Affidavit to their complaint. In response, PHH contends that the Ohs fail to properly plead two timing requirements of the exception: (1) that PHH believed the loan to be in default at the time it acquired the loan from Homeward; and (2) that PHH demonstrated that belief to the Ohs at the time of transfer. Neither of PHH's arguments has merit.

PHH contends that the Court may not consider the affidavit in deciding on its Motion to Dismiss as the affidavit is not properly subject to judicial notice under Federal Rule of Evidence 201. The Court need not take judicial notice of the Foreclosure Affidavit to consider its contents. In ruling on a Motion to Dismiss, the Court may consider documents attached to the complaint because "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c); *see also Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489,

493 n.2 (7th Cir. 2017) (affirming District Court's consultation of documents from the parties' foreclosure proceeding in ruling on a motion to dismiss). Because the Ohs attached the Foreclosure Affidavit as an exhibit to their pleading, the Court may consider it in disposing of the Motion to Dismiss without assessing whether it would be subject to judicial notice.

PHH additionally argues that the Ohs must allege PHH demonstrated its belief that the Mortgage Loan was in default to the Ohs at the time of the loan transfer. This misrepresents the *Schlosser* exception. *Schlosser* found that a debt assignee is nevertheless subject to the FDCPA if: (1) the assignee attempted to collect on a debt it asserted to be in default; and (2) the asserted default existed when the assignee acquired the debt. *Schlosser*, 323 F.3d at 539. The only temporal requirement of *Schlosser* is that the assignee did not develop the mistaken belief after it acquired the debt. *Id.* The Ohs need not allege that PHH manifested their mistaken belief concurrent with their acquisition of the loan.

The Ohs' pleadings are more than sufficient to survive PHH's Motion to Dismiss. PHH's statements in the Foreclosure Affidavit demonstrate its belief that the default existed at the time of transfer. The affidavit, created by PHH during the foreclosure proceedings it initiated against the Ohs, states that "[a]t the time of the transfer, the [Mortgage Loan] was $322,501.60 in default for principal." (Second Am. Compl. Ex. B, Dkt. 70-2). In addition, the Ohs state facts sufficient to plausibly allege that PHH treated the Mortgage Loan as in default from the time it acquired the loan. PHH held the Ohs' mortgage payments in suspense or returned them, sent the Ohs mortgage statements alleging a default, charged late fees on the Mortgage Loan, and erroneously maintained an escrow account. The Court denies PHH's request to take judicial notice of any factual inconsistencies as to these allegations in the Ohs' prior superseded complaints. "[F]acts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss." *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013) (citing

*Pirant v. U.S. Postal Serv.*, 542 F.3d 202, 207 (7th Cir. 2008)). Viewing the allegations in the light most favorable to the Ohs and disregarding the prior pleadings, it appears that PHH believed the loan to be in default at the time of acquisition and acted accordingly, subjecting PHH to the FDCPA as a debt collector.

## CONCLUSION

Based on the foregoing discussion, this Court denies PHH's Motion to Dismiss [74].

**IT IS SO ORDERED.**

Date: 11/1/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge